UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ZEV YOURMAN,

                    Plaintiff,                  **MEMORANDUM & ORDER**
                                                    24-CV-337(EK)(LB)

         -against-

WILDLIFE CONSERVATION SOCIETY,
NEW YORK CITY, CONEY ISLAND POLAR
BEAR CLUB, DENIS THOMAS, PATRICA
SCHEURICH,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

      Plaintiff Zev Yourman filed this action pursuant to 42 U.S.C. § 1983, alleging that he was denied entrance to the New York Aquarium in violation of his constitutional rights.  Compl. ECF No. 1 at 4-5.  Proceeding *pro se*, he seeks $10 million in damages.  *Id.* at 6.  Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted. ECF No. 2.  As set forth below, however, the complaint is dismissed.

## I.   Standard of Review

      At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).  *Pro se* complaints are held to less

stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II.  Discussion

The complaint alleges that since May 2018, Yourman has been "denied entrance and access to the New York City Coney Island Aquarium by the Defendants."  Compl. at 2.

Section 1983 applies to state action.  It provides, in pertinent part, that persons acting "under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia," who deprive another of "any rights, privileges, or immunities secured by the Constitution and laws," are liable to the injured party.  42 U.S.C. § 1983.  In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law.  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been

violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005); *see also Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012).

Plaintiff makes no factual allegations at all concerning the City's conduct, and he fails to allege that the remaining defendants are state actors.  Indeed, the websites of the remaining defendants confirm that they are not state actors. The Wildlife Conservation Society, which runs the New York Aquarium is a private, nonprofit charitable organization.  *See* https://www.wcs.org (identifying the Wildlife Conservation Society as a 501(c)(3) organization).[1]  Similarly, the Coney Island Polar Bear Club is a private organization.  *See* https://www.polarbearclub.org.

Plaintiff has failed to plausibly allege that the Wildlife Conservation Society, the Coney Island Polar Bear Club, Denis Thomas, President of the Coney Island Polar Bear Club or Patricia Scheurich, Building and Grounds Supervisor at the New

---

[1] "[A] court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (taking judicial notice of information regarding the ownership and structure of various entities from web searches and printouts of the entities' websites); *see also Finn v. Barney*, 471 F. App'x 30 (2d Cir. 2012) (affirming district court taking judicial notice of disclosure information on defendant's website); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 462-63 (S.D.N.Y. 2020) (taking judicial notice of trademark information on a party's website).

York Aquarium, acted under color of state law for purposes of Section 1983.  Even according the complaint the most liberal reading, the complaint must be dismissed because it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court grants the plaintiff leave to re-plead within thirty days of this order, if he can adequately allege state action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mark this case closed and mail a copy of this Memorandum and Order to Plaintiff and note service on the docket.

SO ORDERED.

_/s/ Eric Komitee_____

ERIC KOMITEE
United States District Judge

Dated:    September 15, 2024
          Brooklyn, New York