```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ZEV YOURMAN,

                    Plaintiff,

        -against-

WILDLIFE CONSERVATION SOCIETY, et
al.,

                    Defendants.

------------------------------------x
```

**MEMORANDUM & ORDER**
24-CV-337 (EK)(CHK)

ERIC KOMITEE, United States District Judge:

Plaintiff Zev Yourman brought this action after he was banned from the New York Aquarium — an action he says violated his constitutional rights.

By Memorandum and Order dated September 15, 2024, the Court granted plaintiff's application to proceed *in forma pauperis* but dismissed the then-pending Complaint with leave to amend. Memorandum & Order, ECF No. 5. The Court concluded, among other things, that plaintiff had not adequately alleged state action on the part of any defendant other than the City of New York. Mem. & Order 3-4.

Plaintiff has since filed an Amended Complaint. Am. Compl. ("Compl."), ECF No. 7.[1]  The Court now reviews that

---

[1] Plaintiff had previously filed a letter responding to the Court's initial memorandum and order. *See* ECF No. 6. Given the subsequent filing of an amended complaint, the Court will consider the amended complaint as the operative pleading.

complaint, too, pursuant to the standard set out in 28 U.S.C. § 1915(e)(2)(B).  For the reasons outlined below, the action is dismissed — this time with prejudice.  *Id.*

## I.    Background

The following allegations are drawn from plaintiff's Amended Complaint and assumed to be true for purposes of this review.  *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).

Yourman alleges that, following a series of episodes at the New York City Aquarium, he was "declared persona non grata" by the entities and people in charge there.  Compl. 4. Specifically, he was "denied entrance to the Aquarium" on May 18, 2018 by an unnamed "official" there, and prohibited from entering the premises again on May 25 and June 27, 2018.  *Id.*

In November of that year, plaintiff learned that he was "banned" from the Aquarium.  He was "in the Aquarium education hall as a member of the Polar Bear Club" "in order to warm up after a swim."  *Id.*[2]  Defendant Patricia Scheurich, the Building and Grounds Supervisor at the Aquarium, told plaintiff to leave, stating that he had "been banned from the Aquarium."  *Id.*  When Yourman asked why, Scheurich responded, "[y]ou know the reason!"  *Id.*  During that "same episode," defendant Denis Thomas, President of the Polar Bear Club, also

---

[2] Club members swim in the ocean during the winter.  Compl. 11.

told plaintiff he was banned from the Aquarium. *Id.* at 3, 5. Thomas — who was "accompanied by a member of the NYPD" — "escorted" Yourman out of the Aquarium. *Id.* at 5. Apparently undeterred, Plaintiff returned to the Aquarium a number of times: he asserts that "[t]his scenario repeated itself in January, February, [and] March 2019." *Id.* Yourman alleges no incident occurring after March 2019. *See* Compl.

Yourman wrote letters concerning his alleged ban to defendant Christian Samper, President of the Wildlife Conservation Society; defendant New York City; and other city officials. *Id.* at 6. Yourman received no response, however, let alone "any actions of relief." *Id.*

He alleges that this conduct violated his First, Fifth, and Fourteenth Amendment rights, and brings claims pursuant to Section 1983. *Id.* at 4; *see* Rev. Stat. § 1979, 42 U.S.C. § 1983.

## II.  Standard of Review

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007).[3]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

"Dismissal [under Section 1915] is . . . appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleading."  *Pratts v. Coombe*, 59 F. App'x 392, 393 (2d Cir. 2003); *see also Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (dismissal under Section 1915 appropriate when complaint was "facially time-

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks

barred" and "no applicable tolling provisions" applied).

### III. Discussion

The problems identified in the prior order persist in the amended complaint.  In addition, as discussed below, plaintiff's claims are time-barred and his complaint does not adequately plead a Fourteenth Amendment due process violation or a First Amendment violation.

### A.    Statute of Limitations

Yourman's claims are barred by the applicable statute of limitations.  *See Pino*, 49 F.3d at 51 (court may dismiss complaint *sua sponte* under Section 1915 when the claims are time-barred).

Section 1983 provides a cause of action against any person who, acting under the color of law, deprives another of a right secured by the federal Constitution.  The statute does not, however, provide its own statute of limitations.  *Owens v. Okure*, 488 U.S. 235, 237 (1989).  Instead, "if a state has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions . . .  the general personal injury statute of limitations applies."  *Id.*

New York's general personal injury statute establishes a three-year statute of limitations for Section 1983 claims. *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020);

5

*see* N.Y. C.P.L.R. § 214(5).  The three-year period applies to all three constitutional rights Yourman alleges were violated. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (three-year limitation for First Amendment violation); *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999) (Fifth Amendment); *Harris v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, 230 F. Supp. 3d 88 (E.D.N.Y. 2017) (Fourteenth Amendment).

At the same time, "the accrual date of a Section 1983 cause of action is a question of federal law . . . ." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Section 1983 claims accrue when "the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).  In the context of a First Amendment violation, a claim typically accrues when "the allegedly wrongful conduct took place." *Turner v. Boyle*, 116 F. Supp. 3d 58, 84 (D. Conn. 2015) (claim accrued when plaintiff was prohibited from broadcasting radio show); *see also Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048, 2022 WL 900615, at *9 (E.D.N.Y. Mar. 28, 2022) (claim accrued when plaintiff learned of wrongful termination as a result of accusatory statements he made about his colleagues).  A Fourteenth Amendment due process violation also accrues when the alleged deprivation of rights occurs. *Donovan v. Inc. Vill. of*

6

*Malverne*, 547 F. Supp. 2d 210, 216 (E.D.N.Y. 2008) (claim accrued when plaintiff was denied an interview with police department where he alleged that his completion of the civil service exam entitled him to an interview); *see also Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (same for Fifth Amendment claim).

Plaintiff's claims are plainly time-barred under these principles. Yourman points to the same allegedly wrongful conduct — he was denied entry to and banned from the Aquarium — in support of the various constitutional violations he alleges. Compl. 4-5. Yourman directly encountered the wrongful conduct and thus knew or had "reason to know" of it at the time of each incident. *See Turner* 116 F. Supp. 3d at 84. Plaintiff also knew of his asserted injury on the same day each one occurred. Compl. 5.

When a plaintiff alleges multiple Section 1983 violations that occurred over a period of time, the Court must determine when to start the clock for purposes of the statute of limitations. *See McDonough v. Smith*, 588 U.S. 109, 115 (2019). If a plaintiff "complains of a . . . series of discrete acts, each of which violates the law, the plaintiff has a separate claim for each act, and each act carries its own limitations period." *Gonzalez*, 802 F.3d at 223 (applying this standard to Section 1983 claims for due process and First Amendment

7

violations).

Here, Yourman has alleged a "series of discrete acts" that occurred in 2018 and 2019. *Gonzalez*, 802 F.3d at 223. He cites seven instances in which he was denied entry or banned, Compl. 4-5. The statute of limitations for each alleged violation thus runs independently from when it occurred. *Gonzalez*, 802 F.3d at 223. The most recent occurred on March 2019. Compl. 5. The statute of limitations thus permitted him until March 2022 to assert any claim arising from that incident. However, he filed the instant action on January 12, 2024 — nearly two years after the statute of limitations had run. Plaintiff's claims are thus time-barred.[4]

In "rare and exceptional circumstances," the statute of limitations for a Section 1983 claim may be subject to "equitable tolling." *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023). Equitable tolling allows a litigant to proceed with a time-barred claim if he is "not at fault" for lateness in filing. *Id.* The court has discretion to permit equitable

---

[4] Yourman also alleges that he was injured when he received no reply to letters he sent Aquarium and city officials. *See* Compl. 5-7. Yourman does not state whether he sent the letters after the first ban in May 2018 or most recent in March 2019. In either case, Yourman knew that the recipients had not responded (at the latest) within several months after sending the letters. Interpreting Yourman's complaint "in the light most favorable to [him]," *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002), we assume Yourman sent the letters after his most recent ban (March 2019). He thus knew that he had not received a response by, at the latest, July 2019. Accordingly, he had until July 2022 to file his complaint regarding these asserted wrongful acts.

8

tolling, *see id.*, and borrows its tolling rules from state law. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Under New York law, equitable tolling may apply "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007). "Due diligence on the part of the plaintiff" is "an essential element" of equitable tolling. *Id.; see also Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 577 (E.D.N.Y. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) ("The principles of equitable tolling . . . do not extend to . . . [a] claim of excusable neglect").

Yourman has alleged no extraordinary circumstances that might have impeded him from timely filing his claims, nor that he pursued his claims with "due diligence." *Abbas*, 480 F.3d at 642. And plaintiff's *pro se* status alone does constitute an extraordinary circumstance. *Cornado v. City of New York*, No. 11-CV-5188, 2014 WL 4746137, at *4 (S.D.N.Y. Sept. 24, 2014). Accordingly, equitable tolling does not apply.

Plaintiff's Section 1983 claims are thus time-barred, which alone warrants dismissal. *See, e.g., Manuel v. Catlin*, No. 21-CV-0438, 2021 WL 1841570, at *3 (S.D.N.Y. May 6, 2021) (dismissing, under Section 1915 review, plaintiff's Section 1983 claims); *see also Braga v. N.Y.C. Police Dep't*, No. 21-CV-2602,

2022 WL 2441230, at *2 (E.D.N.Y. July 5, 2022) (same).

**B.    Merits: Due Process Claim and First Amendment Claim**

Even if plaintiff's claims were not time-barred, he has not adequately pled a claim under either the Fourteenth Amendment's due process clause or the First Amendment.[5]

Yourman invokes the Fourteenth Amendment explicitly, and he alludes to that provision's guarantee of due process when he says that the ban on his attendance was "without rhyme or reason." Compl. 4. To establish a due process violation, a plaintiff must identify a protected property or liberty interest. *Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir. 1995). The Second Circuit has held, in an analogous context, that an individual had no protected liberty interest in accessing or using a particular public facility. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) (town's "expulsion" and "exclusion" of plaintiff from recreation center did not deprive plaintiff of liberty interest). Because Yourman has no protected interest in accessing the Aquarium, he has not adequately alleged a due process violation.

Nor has Yourman alleged facts sufficient to plead a

---

[5] Plaintiff brings due process claims under both the Fifth and Fourteenth Amendments. Because Yourman's claims are asserted against *state* rather than federal actors, the Court analyzes his due process claim under the Fourteenth Amendment. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (Fourteenth Amendment applies to state action); *cf. Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (Fifth Amendment applies to the federal government).

First Amendment violation.  To state a claim for a First Amendment violation, a plaintiff must (among other requirements) "plausibly allege that his or her speech was protected by the First Amendment."  *Paterno v. City of New York*, 781 F. App'x 15, 17 (2d Cir. 2019).  Yourman has not alleged *any* specific facts regarding the contents of his speech, or any facts sufficient to conclude that such speech was the cause of his ejection from the Aquarium's premises.  *See* Compl. 4-6.  He has thus not adequately pled a First Amendment claim.

## IV.  Warning in Respect of Filing Injunction

Plaintiff has filed numerous actions in this district — at least seven, by this Court's count — several of which have now been dismissed *sua sponte* under Section 1915.[6]  "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."  *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).  Plaintiff is warned that this Court will not tolerate vexatious litigation. Further frivolous filings may result in the issuance of an order

---

[6] Plaintiff has filed the following actions in this Court: *Yourman v. Maisel*, No. 14-cv-1551; *Yourman v. Verizon*, No. 20-cv-336; *Yourman v. NYS*, No. 22-cv-4880; *Yourman v. Wildlife Conservation Society*, No. 24-cv-0337 (this action); *Yourman v. Columbia NY Presbyterian Hosp.*, No. 24-cv-3035 (transferred to SDNY); *Yourman v. New York Police (NYPD)*, No. 24-cv-6786; *Yourman v. Brooklyn Public Library et al.*, No. 24-cv-6787.  He has also filed several actions in the Southern District of New York:  *Yourman v. Epstein, Becker, Green P.C. et al.*, No. 26-cv-00820 (filed in SDNY); *Yourman v. Metropolitan Transportation Authority et al.*, No. 20-cv-00779 (SDNY).

11

prohibiting plaintiff from any future lawsuits in this Court without first obtaining leave of the Court.

### V.    Conclusion

The action is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court declines to allow plaintiff further leave to amend as it would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Amendment is futile if the claims alleged are time-barred by the applicable statute of limitations, which all the claims are here.  *See Becnel v. Deutsche Bank*, 507 Fed. App'x 71, 73 (2d Cir. 2013).  And Yourman has not requested further leave to amend.  *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1132 (2d Cir. 1994) ("[W]e do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.").  Plaintiff's complaint is therefore dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter Judgment, mark this case closed, mail a copy of this Memorandum and Order to plaintiff, and note that mailing on the docket.

SO ORDERED.

   /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    March 19, 2026
          Brooklyn, New York